The Cardoza Law Corporation
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Nichole Kruse

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NICHOLE KRUSE,**<br><br>Plaintiff,<br><br>v.<br><br>**MIDLAND CREDIT MANAGEMENT, INC. AND MIDLAND FUNDING, LLC,**<br><br>Defendants. | Case No.: **'21CV1566 MMA DEB**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:<br><br>FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.<br><br>DEMAND FOR JURY TRIAL |

///

///

///

///

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is a case about a debt collector and its agent who continued to attempt to collect an alleged debt from a consumer after the consumer sent written correspondence refusing to pay the debt and requested that all phone calls cease.

2. **NICHOLE KRUSE** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, injunctive relief, restitution, attorneys fees, and costs, against **MIDLAND CREDIT MANAGEMENT, INC. and MIDLAND FUNDING, LLC** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

///

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, and Defendants are headquartered here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11. The FDCPA is a strict liability statute.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011);

*Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

12. To further protect consumers, claims under the FDCPA is to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; see also *Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

13. Plaintiff is natural person who resides in the County of Woodbury, State of Iowa. Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") is a Kansas corporation operating from an address of 350 Camino De La Reina, Ste 300, San Diego, CA 92108 and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiff. Defendant MCM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

15. Defendant Midland Funding, LLC (hereinafter "Defendant Midland") is a Delaware corporation operating from an address of 350 Camino De La Reina, Ste 300, San Diego, CA 92108, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff. Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants"

///

without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

### FACTUAL ALLEGATIONS

18. Plaintiff is individual residing in the County of Woodbury in the State of Iowa.
19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.
20. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.
21. In or around April 2021, Plaintiff received written communication from Defendant MCM, dated April 1, 2021, demanding payment in the amount $771.87.
22. Plaintiff sent a letter, dated April 24, 2021, via USPS Certified Mail to Defendant MCM refusing to pay the account and requesting that all communications ceases.
23. Plaintiff sent the letter, dated April 24, 2021, to the following addresses:
    a) Midland Credit Management LLC, 350 Camino De La Reina Suite 100, San Diego, CA 92108
    b) ATTENTION: Midland Credit Management LLC, New Dispute Address, 320 East Big Beaver Road Suite 300, Troy, MI 48083
    c) ATTENTION: Tim Bolin, Division Manager, Midland Credit Management Inc., PO Box 301030, Los Angeles, CA 90030-1030
24. On May 3, 2021, Plaintiff received confirmation from USPS that her letter to Defendant MCM had been delivered to Defendant MCM at the following address: Midland Credit Management LLC, 350 Camino De La Reina Suite 100, San Diego, CA 92108
25. On May 3, 2021, Plaintiff received confirmation from USPS that her letter to Defendant MCM had been delivered to Defendant MCM at the following

///

address: ATTENTION: Tim Bolin, Division Manager Midland Credit Management Inc., PO Box 301030, Los Angeles, CA 90030-1030

26. On May 4, 2021, Plaintiff received confirmation from USPS that her letter to Defendant MCM had been delivered to Defendant MCM at the following address: ATTENTION: Midland Credit Management LLC, New Dispute Address, 320 East Big Beaver Road Suite, 300, Troy, MI 48083

27. On or around May 2021, Plaintiff received written communication from Defendant MCM, dated May 5, 2021, demanding payment in the amount $771.87.

### ACTUAL DAMAGES

28. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692C OF THE FDCPA

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. A debt collector violates § 1692c of the FDCPA when it, communicates with a consumer after the consumer notifies in writing that they refuse to pay or wish the debt collector to stop communicating.

31. Defendant violated §1692c of the FDCPA when it when it among other qualifying actions and omissions, willfully and without justification, communicated with Plaintiff after Plaintiff notified Defendant in writing, via USPS Certified Mail, that she refused to pay the debt, and that she wished Defendant would stop communicating with her.

a. The violative communications by Defendant were not to advise Plaintiff that further collection efforts were being terminated, were not to notify Plaintiff that Defendants may invoke specified remedies which are ordinarily invoked by Defendants and were not to notify Plaintiff that Defendants intended to invoke a specific remedy.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), against each Defendant and for Plaintiff, and,

d) Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED.**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

THE CARDOZA LAW CORPORATION

DATED: September 3, 2021     BY: /S/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
NICHOLE KRUSE